IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARUS LEON HUNTER, et al.,**     Plaintiffs, | : : : : |
| v. | :    Civ. No. 17-889 : |
| **CITY OF PHILADELPHIA, et al.,**     Defendants. | : : |

## CONFIDENTIALITY ORDER

**AND NOW**, this 25th day of June, 2018, upon consideration of Plaintiffs' Letter Request (Doc. No. 49) for a confidentiality order and Defendants' Response (Doc. Nos. 50, 51), it is hereby **ORDERED** that Plaintiffs' Letter Request (Doc. No. 49) is **GRANTED in part** as follows:

1. **Definitions:** For purposes of this Order:

   a. "Materials" or "Information" means all materials produced in the course of litigation, including (without limitation) documents, testimony, written discovery responses, audio and/or video records, and other information or materials produced, given, or exchanged by any Party or non-party during discovery in this case, and facts or opinions learned exclusively from such materials or information;

   b. "Confidential Materials" or "Confidential Information" means Materials or Information that the Party producing such Materials or Information in good faith reasonably believes contain non-public, confidential, personal, or other sensitive information entitled to confidential treatment under applicable law, including but not limited to:

   i.      employment, personnel, and disciplinary records;

    ii.    personal financial information and protected health information, including but not limited to, health and demographic information, relating either to (A) the past, present, or future physical or mental condition of an individual, (B) the provision of care to an individual, or (C) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual;

    iii.    any other Materials that the Party producing such Materials in good faith reasonably believes contain non-public, confidential, personal, or other sensitive information *entitled to confidential treatment under applicable law*. If either Party believes that a category of Materials (other than those mentioned in Paragraphs 1(b)(i) and 1(b)(ii) of this Order) should be designated as Confidential Materials, that Party may move to amend this Order to add that category of Materials. If both Parties agree that a category of Materials (not mentioned in Paragraphs 1(b)(i) and 1(b)(ii) of this Order) should be designated as Confidential Materials, they shall file on the docket a signed stipulation for the Court's approval, describing the category of Materials that the Parties seek to protect and the reasons for it being designated confidential; and

    iv.    any portion of Materials containing or reflecting Confidential Materials and Confidential Information;

2. **Scope:** This Order shall be applicable to, and shall govern, all Materials and Information produced and disclosed in this litigation during pre-trial proceedings. Nothing in this Order shall be construed to affect the use of any Materials at a hearing or trial. The use at

trial and admission into evidence of Confidential Materials shall be subject to the Court's control in accordance with generally applicable rules of evidence. If a Party intends to present or anticipates that other Parties may present Confidential Materials at a hearing or trial, the Party shall confer with all interested Parties before the hearing or trial about the use of such Materials. If any Party opposes the disclosure of such Materials at a trial or hearing, the Party seeking protection shall bring that issue to the Court's attention by filing a motion accompanied by a proposed Order governing the use of such documents or information at the hearing or trial;

3. This Order shall remain in force and effect unless and until modified, superseded, or terminated by written consent of all Parties or by Order of Court;

4. **Designation of Confidential Materials and Information:** Any Party producing or disclosing Information or Materials during the course of this litigation (the "Designating Party") may designate as Confidential any Material, or portions thereof, which the producing Party believes, in good faith, constitute or contain non-public Confidential Materials or Confidential Information;

    a. To designate something Confidential, the Designating Party shall stamp the document, or any portion thereof: "CONFIDENTIAL." Parties shall designate as Confidential the smallest segment of a document or record as is necessary to protect the Confidential Material. Only documents bearing the "CONFIDENTIAL" designation shall be deemed Confidential Materials and be subject to the provisions of this Order;

    b. If deposition or trial transcripts are created in this Action, a Party may designate information disclosed as "CONFIDENTIAL" by requesting that the Court

3

      designate all or part of the transcript as Confidential at the time of the deposition or in writing within seven (7) calendar days after receipt of the transcript; provided, however, that the entire deposition shall be treated as Confidential during such seven day period.  Any Party invoking Confidential protection during a deposition may exclude from the room any person who is not authorized to receive information designated as Confidential, (see ¶ 6, infra); and

    c. In the event that any Party inadvertently fails to apply a "Confidential" designation to any Confidential Materials at the time such Materials are produced or disclosed, such inadvertent production shall be without prejudice to any claim that such Materials are Confidential Materials.  The Party that inadvertently produced the Materials shall give written notice (the "Inadvertent Production Notice") of such inadvertent production, together with a copy of the Materials designated as "Confidential."  Upon receipt of such Inadvertent Production Notice, any Party that received the inadvertently produced Materials shall promptly destroy the inadvertently produced Materials and all copies thereof and shall retain only the copy of the Materials designated as "Confidential."  This provision is not intended to apply to any inadvertent production of any Materials protected by attorney-client or work product privileges, which instead is governed by Paragraph 11, *infra*;

5. If a Party object to the confidential status of Materials or Information produced or designated as CONFIDENTIAL, the Parties immediately shall confer to resolve the objection.  If the Parties cannot resolve the objection by meeting and conferring, the objecting Party may submit its dispute to this Court for resolution.  The Designating

Party shall have seven (7) days to respond to such submission, unless otherwise ordered by the Court. The Designating Party shall bear the burden of demonstrating that such designation is proper. Nothing herein shall be deemed to waive or limit any Party's assertion or objection to the classification of Materials or Information as CONFIDENTIAL. Should any Party object to the confidential status of Materials produced or designated by any person, including transcripts and exhibits, such Materials shall, until further order of this Court, be treated as Confidential in accordance with the provisions of this Order;

6. **Disclosure of Confidential Materials and Information:** Confidential Information and Confidential Materials may be disclosed only to:

   a. the Parties;

   b. the Parties' counsel;

   c. the Parties' expert(s);

   d. secretaries, legal assistants, paralegals, associates or assistants of either Parties' counsel and/or the Parties' expert(s) when working under the direct supervision of said counsel or expert(s) and when such disclosure is reasonably necessary to the preparation for trial or the trial of this case;

   e. Court personnel including, but not limited to, stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial;

   f. Court reporters and their staff;

   g. any mediator appointed by the Court or agreed to by the Parties to mediate this litigation; and

   h. professional vendors, *i.e.*, persons or entities that provide litigation support services

and their employees and contractors, to whom disclosure is reasonably necessary for this litigation;

7. Except as set forth above, no Confidential Materials or Confidential Information shall be disclosed by any person to whom it has been furnished, absent the written permission of all Designating Parties, or permission of the Court after the filing of an appropriate motion, and pursuant to the entry of an Order. No non-party may receive Confidential Materials or Confidential Information without first signing the Endorsement of Confidentiality Order (Ex. A);

8. **Use of Confidential Materials and Confidential Information:** Confidential Information and Confidential Materials may only be used for the purpose of prosecuting or defending this Action. All persons to whom Confidential Information is disclosed shall treat that Information as confidential and shall store such Information in a secure place, taking reasonable precautions to prevent unauthorized or inadvertent disclosure of said Confidential Information. Counsel for Parties will advise their clients of their obligations under this Order, and will likewise advise all expert(s) and secretaries, legal assistants, paralegals, associates or assistants to whom Confidential Materials is disclosed of their obligations under the Order;

9. At the conclusion of this litigation and any appeal that may result, the Parties shall return to the Designating Party or destroy with a certification of such destruction all Confidential Materials provided in the course of this litigation and in the possession of either Party or their attorneys or agents;

10. **Filing Confidential Materials with the Court:** Confidential Materials are not to be filed with the Court except when required in connection with motions or other

submissions to the Court in this Action. Any Party seeking to file Confidential Materials (or a document reflecting or including Confidential Material) in support of a motion or other submission to the Court in this Action (the "Moving Party") shall comply with the following procedures:

a. <u>If the Moving Party is not the Designating Party</u>:

   i. If the Moving Party's motion or submission contains, reflects, or is accompanied by Materials or Information that someone other than the Moving Party has designated as CONFIDENTIAL, the Moving Party shall first notify the Designating Party of its intent to file the motion or submission and accompanying Materials or documents, and seek the Designating Party's consent to de-designate such Material. If the Designating Party consents, the Moving Party may file the Confidential Materials or documents on the public docket;

   ii. If the Designating Party does not consent, the Moving Party shall separately file the Confidential Materials or documents (including the motion or submission itself, if it contains Confidential Materials) under a temporary seal with the Clerk of Court in envelopes marked: "CONFIDENTIAL – FILED UNDER TEMPORARY SEAL PURSUANT TO CONFIDENTIALITY ORDER." The Moving Party shall attach a copy of the caption page of the applicable motion or submission on the outside of the envelope. No Confidential Material, nor any part thereof, shall be included in such caption page nor otherwise be revealed on the outside of the envelope. The Moving Party immediately shall notify all other Parties of the filing and its contents;

and

iii. **No later than seven days** after the Moving Party files the Confidential Materials or documents under the temporary seal, any Party that objects to the public disclosure of the Confidential Materials or documents shall move to extend the temporary seal by filing: (A) a Motion to Extend the Temporary Seal, setting out which parts of the motion, submission, or accompanying Materials or documents that the Party seeks to seal; and (B) a supporting Memorandum, **no longer than ten pages in length**, setting out the factual basis and legal authority for the Motion.  See Rose v. Rothrock, No. 08-3884, 2017 WL 1175614, at *7 (E.D. Pa. Apr. 29. 2009) (party seeking seal must show "that the 'material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure'" (quoting Miller v. Indiana Hosp., 16 F.3d 549 (3d Cir. 1994))).  If the Court grants the Motion to Extend the Temporary Seal, the Court will order the Clerk of Court to seal the Confidential Materials or documents to the extent permitted by law, pending further Order of Court.  **If the Court denies the Motion to Extend the Temporary Seal, or if no Party moves to extend the temporary seal within seven days, the Court may lift the temporary seal without further notice and order the Clerk of Court to file all or part of the motion or submission and accompanying Confidential Materials or documents publically on the docket**; and

b. <u>If the Moving Party is the Designating Party</u>:

   i. If the Moving Party seeks to seal a motion, submission, or accompanying

      Materials or documents (or any part thereof), the Moving Party shall file: (A) a Motion to Seal and Impound, setting out which parts of the motion, submission, or accompanying Materials or documents that the Party seeks to seal; and (B) a supporting Memorandum, **no longer than ten pages in length**, setting out the factual basis and legal authority for the Motion;

  ii. The Moving Party shall file separately a copy of the motion or submission and accompanying Confidential Materials or documents in the manner prescribed by the first, second, and third sentences of Paragraph 10(a)(ii) of this Order, *supra*; and

  iii. To the extent permitted by law, if the Court denies the Motion: (A) the Court will direct the Clerk of Court to return to counsel or destroy the Confidential Materials; (B) the Materials will be treated as Confidential Materials for all other purposes under this Order, unless the Court orders otherwise; and (C) the Moving Party may choose to file publically the Confidential Materials or not file the Confidential Materials at all; and

11. **Privilege:** Pursuant to the Federal Rules of Evidence, nothing herein constitutes or may be interpreted as a waiver by any Party of any applicable privilege or immunity, including, but not limited to, the attorney-client privilege and the work-product doctrine. The inadvertent production of privileged information shall not be deemed a waiver of any applicable privilege or immunity concerning any such information or the subject matter thereof if a request for return of the information is made promptly after the producing Party learns of its inadvertent production. Upon written request by the inadvertently producing Party, any receiving Party shall return or destroy all copies of the document

and not use the document or the information contained therein for any purpose until obtaining an appropriate order of the Court, even if the receiving Party disagrees that a document containing the information is privileged.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____

June 25, 2018                                                                                        Paul S. Diamond, J.

Exhibit A

**<u>ENDORSEMENT OF PROTECTIVE ORDER</u>**

I hereby affirm that:

Information and Materials designated as "Confidential Materials" or "Confidential Information," as defined in the Confidentiality Order entered in the above-captioned action, are being provided to me pursuant to the terms and restrictions of the Confidentiality Order;

I have read the Confidentiality Order;

I am familiar with the terms of the Confidentiality Order and I agree to comply with and to be bound by its terms;

I submit to the jurisdiction of this Court for enforcement of the Confidentiality Order;

I agree not to use any Confidential Materials or Confidential Information disclosed to me pursuant to the Confidentiality Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Confidentiality Order, without (1) the express written consent of all Parties who have designated the information as CONFIDENTIAL or (2) Order of Court;

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Confidentiality Order and of its binding effect on them and me; and

I understand that I am to retain all Information or Materials designated as or containing Confidential Materials or Confidential Information in a secure manner, and that all such Materials are to remain in my personal custody until the completion of my assigned duties in this

matter, whereupon all such materials (including all copies thereof) and any writings prepared by me containing any Confidential Materials or Confidential Information are to be returned to counsel who provided me with such Materials.

_____
Signed

_____
Printed Name

_____
Date