# EXHIBIT O

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARUS HUNTER, *et al.*, | : | |
| | : | |
| *Plaintiffs,* | : | CIVIL ACTION |
| v. | : | |
| | : | 17-0889 |
| CITY OF PHILADELPHIA, *et al.*, | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO
### DEFENDANTS' INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Kenya Shujaa objects and responds as follows to Defendants' Interrogatories.

### GENERAL OBJECTIONS

1.      Ms. Shujaa objects generally to the interrogatories on the following grounds, each of which is incorporated by reference in the responses to the individual interrogatories below.  All responses set forth herein are subject to and without waiver of any of these general objections ("General Objections").

2.      Ms. Shujaa objects to each interrogatory, instruction, or definition that seeks information that is not relevant to the subject matter of this litigation.

3.     Ms. Shujaa objects to each interrogatory, instruction, or definition that seeks identification of documents and/or information not in her possession, custody or control and not readily accessible to her.

4.     Ms. Shujaa objects to each interrogatory, instruction, or definition to the extent it is overly broad and/or unduly burdensome.

5.     Ms. Shujaa objects to each interrogatory, instruction, or definition to the extent it is vague, indefinite, unintelligible or otherwise unanswerable due to ambiguity or vagueness.   To the extent Ms. Shujaa responds to any of these interrogatories, she does so based on her understanding of each interrogatory, and without prejudice to her right to object to any other interpretation of an interrogatory.

6.     Ms. Shujaa objects to each interrogatory, instruction, or definition to the extent it is unreasonably duplicative of other interrogatories, instructions, or definitions, and/or to the extent it seeks information that is equally available to Defendants, because it is already in Defendants' possession or is readily accessible to Defendants.   Ms. Shujaa objects insofar as Defendants seek documents or information concerning medical, health, economic, or financial information not at issue in this litigation.

7.     Ms. Shujaa objects insofar as Defendants seek to compel her to generate or create information or documents that do not already exist.

2

8.     Ms. Shujaa objects insofar as Defendants seek publicly available documents or information, documents or information equally or more readily available to Defendants, and/or documents or information more appropriately sought from third-parties to whom Defendants could have directed subpoenas or other requests.

9.     Ms. Shujaa objects to Defendants' Interrogatories and Requests for Production as seeking information that is not limited to the period in question and thus unlikely to be relevant to this litigation.

10.     Ms. Shujaa objects to each interrogatory, instruction, or definition to the extent it calls for the disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, or is otherwise privileged or immune from discovery.  Inadvertent disclosure of information governed by such privileges is not a waiver of those privileges either as to the information disclosed or as to any documents.

11.     Ms. Shujaa objects to each interrogatory, instruction, or definition that is harassing and vexatious and may constitute an attempt to annoy, harass, and/or oppress Ms. Shujaa.

12.     Ms. Shujaa objects to each interrogatory, instruction, or definition that purports to impose obligations greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern

District of Pennsylvania, or Judge Diamond's Practice and Procedures and Standing Order.  In responding to these interrogatories, Ms. Shujaa will comply with the requirements set forth in said Rules, but will not comply with any interrogatories, definitions, or instructions that seek to impose further requirements.

13.     Ms. Shujaa objects to the interrogatories, instructions, and definitions on the grounds they are overbroad as the definitions of "you" and "your" appear to include Ms. Shujaa's counsel and therefore improperly seek documents and information protected from disclosure by the attorney-client privilege and the work product doctrine.  Ms. Shujaa will not produce documents in the files of her counsel. All responses hereinafter are made on behalf of Ms. Shujaa only, and not her counsel.

14.     Ms. Shujaa objects to these interrogatories to the extent they seek confidential, personal, and/or financial information.

15.     Ms. Shujaa objects to the use of any information provided in response to these Interrogatories for any matter other than this litigation.  By serving these responses, Ms. Shujaa does not waive, and hereby expressly reserves, her right to seek a protective order pursuant to Federal Rule of Civil Procedure 26(c).

16.     By responding to these Interrogatories, Ms. Shujaa does not agree with or concede any assumptions, assertions of fact, or conclusions of law contained therein.

17.    These general objections are incorporated by reference into each and every response to the interrogatories.    These responses represent Ms. Shujaa's diligent and best efforts to respond to the interrogatories based upon the investigation that Ms. Shujaa has thus far been able to carry out.    There may exist further information or discovery that is not within Ms. Shujaa's knowledge or control.

**INTERROGATORY NO. 1:**

1.    Please provide your personal identifying information, including:

  (a)    Full name;

  (b)    Any aliases or other names you have used or been known by;

  (c)    Address at the time of the incident(s);

  (d)    Date of birth;

  (e)    Social security number;

  (f)    Height;

  (g)    Weight.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 1:**

Ms. Shujaa objects to this interrogatory because it is overbroad and seeks information that is not relevant.

Subject to and without waiving any of the foregoing or General Objections, Ms. Shujaa's full legal name is Kenya Juanita Shujaa.  She has not used any other names.  Her residence at the time of the incident was 1242 S. 51st Street, Philadelphia, Pennsylvania.  Her date of birth is July 23, 1973.  Ms. Shujaa is

approximately five feet and five inches tall, and she weighs 124 pounds.  Ms.

Shujaa objects to providing her social security number because it is not relevant to

this case.

**INTERROGATORY NO. 2:**

2.    Have you received any formal education? If so, please include:

      (a)    Name of institution(s) attended;

      (b)    Dates attended;

      (c)    Area(s) of study;

      (d)    Degree(s) received;

      (e)    Certification(s) received.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 2:**

      Subject to and without waiving the General Objections, Ms. Shujaa refers

Defendants to Ms. Shujaa's Resume produced at Bates numbers KS000074-75.

**INTERROGATORY NO. 3:**

3.    What is your occupation, career, or profession?  Please include:

      (a)    Current place of work, including address and immediate supervisor;

      (b)    Previous places of work for the five (5) years preceding the incident
           which forms the basis of your Complaint, including addresses and
           immediate supervisors for each place of work;

      (c)    Hourly pay, including estimated yearly gross pay, or salary
           information for each place of work listed under this Interrogatory.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 3**:

Ms. Shujaa objects to this interrogatory because it is overbroad, unduly burdensome, and seeks information that is disproportionate to the needs of the case, particularly to the extent that it seeks information on previous places of work for five years preceding the incident which forms the basis of the Third Amended Complaint. Ms. Shujaa further objects as it seeks duplicative information sought in other interrogatories and/or requests for production.

Plaintiff's counsel is willing to meet and confer with counsel for Defendants regarding the scope of Ms. Shujaa's response to Interrogatory 3. Subject to and without waving any of the foregoing or General Objections, Ms. Shujaa responds to the interrogatory as follows.

Ms. Shujaa currently works for the following employers:

(a)   **Enago.** This employer is located at 1732 1st Avenue #22627, New York, NY 10128. Ms. Shujaa has no supervisor.

(b)   **University Proofreading.** This employer is located at 2900 Maggie Way, Chalfont, PA 18914. Ms. Shujaa's supervisor is Geetu Goel.

(c)   **Cactus Communications.** This employer is located at 510 Shalimar Morya Park, Off Link Road, Opp Infiniti Mall, Andheri West, Mumbai, Maharashtra 400053, India. Ms. Shujaa's supervisor is Jessica Jesuratnam.

Ms. Shujaa previously worked at the following employers:

(a)   **Linguistic Data Consortium.** This employer is located at 3600 Market Street #810, Philadelphia PA 19104. Ms. Shujaa's supervisor was Neil Kuster.

7

(b)   **Education Innovation Laboratories.**  This employer is located at 1280 Massachusetts Avenue, 3d Floor, Cambridge, MA 02138.  Ms. Shujaa's supervisor was Alex McNaughton.

(c)   **SAGE Publications.**  This employer is located at 2455 Teller Road, Thousand Oaks, CA 91320.  Ms. Shujaa had no supervisor.

(d)   **Appen, Ltd.**  This employer is located at 9 Help St, Chatswood NSW 2067, Australia.  Ms. Shujaa's supervisor was Brian Franklin.

## INTERROGATORY NO. 4:

4.   Have you ever previously been arrested?  If so, please include:

(a)   Date, place, and time of arrest;

(b)   Which charges, if any, were brought against you as a result of the arrest;

(c)   Whether those charges are currently pending;

(d)   The final resolution of any charges and the manner in which they were resolved (e.g. trial, guilty verdict, guilty plea, etc.)

## OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 4:

Ms. Shujaa has not been previously arrested.

## INTERROGATORY NO. 5:

5.   Have you ever been involved in a civil suit for damages, either as a plaintiff, or a defendant?  If so please include:

(a)   The caption and docket number of any such suit;

(b)   The court in which any such suit was brought;

(c)   The resolution of any such suit.

8

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 5**:

Ms. Shujaa objects to Interrogatory 5 as outside the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure because it is not relevant to "any party's claim or defense." Ms. Shujaa further objects to this request insofar as it seeks information that is either publicly available or seeks information that is equally available to Defendants, because it is already in Defendants possession or is readily accessible to Defendants.

Subject to and without waiving the foregoing or General Objections, Ms. Shujaa was sued by the University of Pennsylvania, and the case is now resolved. Case ID 060302251, Pennsylvania Court of Common Pleas.

**INTERROGATORY NO. 6:**

6.    Please provide a physical description of each individual with whom you came into contact during, and immediately preceding, the incident which forms the basis of your Complaint. Please include and/or state the individual's:

(a)    Name;

(b)    Height;

(c)    Weight;

(d)    Skin color.

9

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 6:**

Ms. Shujaa objects to Interrogatory 6 as overbroad and disproportionate to the needs of the case. Ms. Shujaa further objects to the interrogatory because it is vague, specifically as to the terms "immediately preceding" and "came into contact," requiring Ms. Shujaa to speculate as to the scope of the desired response. Ms. Shujaa objects to this request insofar as it seeks information that is equally available to Defendants because it is already in their possession or is readily accessible to them.

Subject to and without waiving any of the foregoing or General Objections, Ms. Shujaa came into contact with:

(a)   Defendant Robert Schutte (white, height and weight unknown);

(b)   Defendant Michael Navedo (Hispanic or Asian, height and weight unknown);

(c)   Darus Hunter (black, height and weight unknown);

(d)   Darus Hunter Jr. (black, height and weight unknown);

(e)   Syriana Hunter (black, height and weight unknown); and,

(f)   Khadira Muhammed (black, height and weight unknown).

**INTERROGATORY NO. 7:**

7.   Are you claiming that, as a result of any actions taken by Defendants, that you suffered any psychological or emotional injury? If so, please include:

10

(a)    Name of any licensed professional who examined, treated, or prescribed treatment for such psychological/emotional injuries or conditions;

(b)    Address of any licensed professional who provided, recommended or prescribed treatment for such psychological/emotional injuries or conditions;

(c)    Dates of treatment received;

(d)    Amount of money you personally expended on such treatment;

(e)    Amount of money you still owe for any treatment received.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 7:**

Ms. Shujaa represents that as a result of Defendants' actions, she suffered and continues to suffer psychological and emotional injury.  Subject to and without waiving any of the General Objections, Ms. Shujaa has sought treatment for her injuries from licensed professionals.  Ms. Shujaa submits that this interrogatory requests confidential personal medical information pertaining to the details of her medical treatment.  Ms. Shujaa will supplement her response when a suitable protective order governing the production and handling of confidential information is in place.  As of May 30, 2018, Ms. Shujaa has expended a total of $325 on treatment.  Ms. Shujaa does not have any outstanding bills for treatment of her psychological and emotional injuries.  Plaintiff will supplement this response as necessary.

**INTERROGATORY NO. 8:**

8.    Have you previously been diagnosed with any psychological or emotional

condition?  If so, please include:

    (a)    Formal diagnosis, if any, for psychological or emotional condition;

    (b)    Name and address of any licensed professional who rendered,
prescribed, or recommended treatment for that psychological or
emotional condition;

    (c)    Dates of any treatment for that psychological or emotional condition;

    (d)    Any medication you have taken, or currently take, for that
psychological or emotional condition.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 8:**

Ms. Shujaa objects to Interrogatory 8 because it is vague, specifically as to

the term "previously," requiring Ms. Shujaa to speculate as to the scope of the

desired response.  Subject to and without waiving any of the foregoing or General

Objections, Ms. Shujaa had not been diagnosed with any psychological or

emotional condition prior to the incident.

**INTERROGATORY NO. 9:**

9.    Have you incurred any liens that are related to any medical treatment you

received as a result of the underlying incident in this case?  If so, please

state:

    (a)    The entity or person who holds the lien(s);

    (b)    The amount of the lien(s);

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 9:**

Subject to and without waving any of the General Objections, Ms. Shujaa is aware of one outstanding medical bill from Mercy Philadelphia Hospital, which is attached at Bates number KS000035.

**INTERROGATORY NO. 10:**

10.   Do you contend that any Defendant, or other employee of the City of Philadelphia and/or any other governmental employee made any verbal statement within your hearing, either to you, or to any other individual, relating in any way to the incident which forms the basis for your Complaint?  If so, please include the following information:

   (a)   Contents of the statement;

   (b)   Person who made the statement;

   (c)   Person to whom the statement was made;

   (d)   Approximate time the statement was made;

   (e)   Any person to whom you have already relayed information regarding the statement.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 10:**

Ms. Shujaa objects to Interrogatory 10 as vague, confusing, unduly burdensome, and overbroad.  Ms. Shujaa further objects to this request insofar as it seeks information that is equally available to Defendants because it is already in their possession or is readily accessible to them.

13

Subject to and without waiving any of the foregoing or General Objections, Plaintiff's counsel is willing to meet and confer with counsel for Defendants regarding Interrogatory 10.

**INTERROGATORY NO. 11:**

11.    Are you claiming that, as a result of any actions taken by Defendants, that you suffered any physical injury?  If so, please include:

      (a)    Name of any licensed professional who examined, treated, or prescribed treatment for such physical injuries or conditions;

      (b)    Address of any licensed professional who provided, recommended or prescribed treatment for such physical injuries or conditions;

      (c)    Dates of treatment received;

      (d)    Amount of money you personally expended on such treatment;

      (e)    Amount of money you still owe for any treatment received;

      (f)    Name of physician in which you received prenatal care;

      (g)    Address of physician you received prenatal care.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 11:**

Ms. Shujaa represents that as a result of Defendants' actions, she suffered a miscarriage and related physical injuries.

Subject to and without waiving any of the General Objections, Ms. Shujaa refers Defendants to Plaintiff's productions at Bates numbers KS000006-13 and KS000076-202.  These records reflect medical treatment for Ms. Shujaa's physical injuries on and around September 17, 2018 at both Mercy Philadelphia Hospital

14

and the Hospital at the University of Pennsylvania.  Ms. Shujaa did not personally expend any money on her treatment, and she is aware of one outstanding medical bill from Mercy Philadelphia Hospital.  The bill is attached at Bates number KS000035.  Ms. Shujaa did not receive prenatal care.

**INTERROGATORY NO. 12:**

12.     In the last five (5) years immediately preceding the incident which forms the basis for your Complaint, did you receive any treatment for any physical, psychological or emotional condition which you have not already identified in previous interrogatories?  If so, please include:

      (a)     Name and address of any licensed professional who rendered, prescribed, or recommended such treatment;

      (b)     Dates of any such treatment.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 12:**

Subject to and without waiving any of the General Objections, Ms. Shujaa has not had any treatment for any physical, psychological or emotional condition which has not already been identified in previous responses to Defendants' interrogatories.

**INTERROGATORY NO. 13**

13.     Have you created, or do you or your agents possess, any letter, formal complaint, grievance, report, memorandum, statement, email, message, blog post, "Facebook post" or message, "Twitter" post or message, video

15

recording, audio recording, photographs, or any other document relating to

the incident which forms the basis for this Complaint?  If so, please include:

(a)     Date you created any such document;

(b)     Person to whom any such document was transmitted/sent;

(c)     Contents of any such document;

(d)     Current location of any such document.

## OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 12:

Ms. Shujaa objects to Interrogatory 12 as vague, unduly burdensome, and

overbroad.  Ms. Shujaa further objects to the interrogatory as it is disproportionate

to the needs of the case and appears to request documents protected by the

attorney-client privilege and the attorney work-product doctrine.  Further, it

appears to request documents that are equally available to Defendants because they

are already in possession of those documents or the documents are readily

accessible to them.

Subject to and without waiving any of the foregoing or General Objections,

Ms. Shujaa is aware of the following documents relating to the incident that she

has created and/or possesses:

(a)     Photograph of deceased child taken on September 17, 2015 attached
        as Bates number KS000005.  Ms. Shujaa currently has possession of
        the photograph.  Ms. Shujaa did not transmit the document to anyone.

(b)     Birth certificate of deceased child created on September 17, 2015
        attached as Bates number KS000004.  Ms. Shujaa currently has

possession of the certificate.  Ms. Shujaa did not transmit the document to anyone.

(c)    Facebook messages written on September 24, 2015, communicating to Stephanie Carr, Sidney Carroll, and Juanita Carr that Ms. Shujaa had a miscarriage, attached as Bates number KS000003.  Ms. Shujaa currently is in possession of the messages.

(d)    Facebook messages written between June 20, 2015 and August 12, 2016, communicating to Ayanna Mcfarlane Ms. Shujaa's excitement about her pregnancy and that Ms. Shujaa subsequently suffered a miscarriage.  These messages are attached at Bates numbers KS000001-2.  Ms. Shujaa currently has possession of the messages.

## INTERROGATORY NO. 14

14.    Have you, or has anyone on your behalf, made any verbal complaint or grievance to any individual relating to the incident which forms the basis for your Complaint or events which you contend preceded, and were related to, the incident.  If so, please include:

(a)    Who complained;

(b)    The name, rank, and organizational affiliation of the individual to whom you or your agent made a complaint;

(c)    The contents of any such complaint.

## OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 14:

Ms. Shujaa objects to Interrogatory No. 14 as overbroad and disproportionate to the needs of the case.  Ms. Shujaa further objects because Defendants seek information already in their possession or that is readily accessible to them.

Subject to and without waiving any of the foregoing or General Objections, Ms. Shujaa is unaware of any verbal complaint or grievance made other than those described in the Third Amended Complaint and that Plaintiff Darus Hunter made to the City of Philadelphia in the form of a formal complaint.

**INTERROGATORY NO. 15:**

15.   Are you claiming that, as a result of the incident which forms the basis for your Complaint, you lost wages, or have other employment-related damages?  If so, please include:

    (a)   The name and address of the company, corporation, organization, or individual with whom you were employed on the date of the incident which forms the basis for your Complaint;

    (b)   The dates you were employed by that entity/individual;

    (c)   The name and contact information for your immediate supervisor at the entity/organization;

    (d)   The dates you allege that you were unable to work as a result of the incident which forms the basis for your Complaint;

    (e)   Your hourly wage or annual salary at the time of the incident which forms the basis for your Complaint;

    (f)   The total amount of lost wages you contend resulted from the actions of Defendant(s).

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 15:**

Subject to and without waiving any of the General Objections, Ms. Shujaa was employed with the Linguistic Data Consortium at the University of Pennsylvania at the time of the incident.  The address for this employer is 3600

Market Street #810, Philadelphia PA 19104. Ms. Shujaa was an employee with the

Consortium between 2014 and 2017. Her immediate supervisor was Neil Kuster.

Mr. Kuster's email is neilkus@ldc.upenn.edu. Ms. Shujaa was unable to work

from September 17, 2015 to September 21, 2015 due to her injuries. Her hourly

wage at that time was $11.50/hour, and Ms. Shujaa claims a total amount of lost

wages of $230.

## INTERROGATORY NO. 16:

16. Please identify the fact witnesses you, or your attorney/agent, may call at

trial. For each witness, please include:

    (a)    The witness' name;

    (b)    The witness' address;

    (c)    A summary of the witness' expected testimony.

## OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 16:

Ms. Shujaa may call the following fact witnesses at trial:

    (a)    Kenya Shujaa

        i.    Contact through counsel

        ii.    Testimony regarding interactions with Officers Schutte, Navedo, Sergeant Melvin, Sergeant Hameen, and other Philadelphia Police and/or City of Philadelphia personnel on September 13-14, 2015. Interactions thereafter related to the events of September 13-14, 2015. Plaintiff's miscarriage and damages.

    (b)    Darus Hunter

        i.    Contact through counsel

19

ii. Testimony regarding interactions with Officers Schutte, Navedo, Sergeant Melvin, Sergeant Hameen, and other Philadelphia Police and/or City of Philadelphia personnel on September 13-14, 2015.  Interactions thereafter related to the events of September 13-14, 2015.  Plaintiff's miscarriage and damages.

(c) Robert Schutte

 i. Address unknown

 ii. Testimony regarding interactions with Plaintiffs Ms. Shujaa and Darus Hunter on September 13-14, 2015.  Philadelphia Police policies on accepting and processing citizens' complaints. Training on policies applicable to the Philadelphia Police Department.

(d) Michael Navedo

 i. Address unknown

 ii. Testimony regarding interactions with Plaintiffs Ms. Shujaa and Darus Hunter on September 13-14, 2015.  Philadelphia Police policies on accepting and processing citizens' complaints. Training on policies applicable to the Philadelphia Police Department.

(e) Sergeant Bashwn Hameen

 i. Address unknown

 ii. Testimony regarding interactions with Plaintiffs Ms. Shujaa and Darus Hunter on September 13-14, 2015.  Philadelphia Police policies on accepting and processing citizens' complaints. Training on policies applicable to the Philadelphia Police Department.

(f) Sergeant Michael Melvin

 i. Address unknown

 ii. Testimony regarding interactions with Plaintiffs Ms. Shujaa and Darus Hunter on September 13-14, 2015.  Philadelphia Police

20

policies on accepting and processing citizens' complaints.
Training on policies applicable to the Philadelphia Police
Department.

Plaintiff will supplement this response as necessary.

## INTERROGATORY NO. 17:

17.     Please identify the expert witnesses you, or your attorney/agent, may call at

trial.  For each witness, please include:

(a)     The witness' name;

(b)     The witness' address;

(c)     A summary of the witness' expected testimony.

## OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 17:

Subject to and without waiving any of the General Objections, Ms. Shujaa

has yet to select expert witness(es) she or her attorney/agent may call at trial.

Plaintiff will supplement this response as necessary.

## INTERROGATORY NO. 18:

18.     Please identify the dates and places at which you were incarcerated, if any,

as a result of the incident complained of in your complaint.

## OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 17:

Subject to and without waiving any of the General Objections, Ms. Shujaa

was never incarcerated as a result of the incident at issue in the complaint.

21

Dated: June 13, 2018

Respectfully submitted,

Stephen D. Brown (Pa. No. 27829)
John P. McClam (Pa. No. 321252)
Catherine Yun (Pa. No. 324382)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 (Telephone)
(215) 994-2222 (Fax)

*Attorneys for Plaintiff Kenya J. Shujaa*

22

## **VERIFICATION**

I, Kenya Shujaa, Plaintiff, verify that the information provided in the foregoing Plaintiff's Responses and Objections to Defendants' Interrogatories is true and correct to the best of my knowledge, information, and belief.

Dated: June 7, 2018                                        Respectfully submitted,

Kenya J. Shujaa
Plaintiff

23

## **CERTIFICATE OF SERVICE**

I, Catherine C. Yun, do hereby certify that on June 13, 2018, I caused a true and correct copy of the foregoing Plaintiff's Responses and Objections to Defendants' Interrogatories to be served upon all counsel of record via electronic mail.

Catherine C. Yun (Pa. No. 324382)
Dechert LLP
Cira Centre
2929 Arch Street Philadelphia, PA  19104
(215) 994-4000 (telephone)
(215) 994-2222 (fax)

*Attorney for Plaintiff Kenya J. Shujaa*

24