## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

DARUS HUNTER, *et al.,*

        *Plaintiffs*,

v.

CITY OF PHILADELPHIA, *et al.,*

        *Defendants*.
_____

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO. 17-0889

Honorable Timothy R. Rice

## PLAINTIFF KENYA SHUJAA'S PRETRIAL MEMORANDUM

Pursuant to the Court's November 26, 2019 Order (ECF No. 108) and Local Rule of Civil Procedure 16.1(c), Plaintiff Kenya Shujaa submits the following Pretrial Memorandum.  This case is scheduled for trial beginning March 16, 2020.

### I.  Nature of the Action and Jurisdiction

In this action, brought pursuant to 42 U.S.C. § 1983, Plaintiff Kenya Shujaa asserts claims of unreasonable search under the Fourth Amendment of the U.S. Constitution and trespass under Pennsylvania state law against Defendant Officers Michael Navedo and Robert Schutte (collectively, "Defendant Officers" or "Defendants").  Plaintiff Darus Hunter asserts claims of unreasonable search and retaliation under the Fourth and First Amendments of the U.S. Constitution, and a trespass claim under Pennsylvania state law against the Defendant Officers.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiffs' state law trespass claim pursuant to 28 U.S.C. § 1367.

## II.    Ms. Shujaa's Statement of the Facts

In September 2015, Ms. Shujaa was living with her then boyfriend—now husband—Mr. Hunter (collectively "Plaintiffs") and his children.  At approximately 12:15 AM on September 14, 2015, Defendant Officers Robert Schutte and Michael Navedo went to Plaintiffs' home to respond to a child custody complaint made by the mother of Mr. Hunter's daughter, Khadira.  The mother claimed that Mr. Hunter violated a custody order by retaining custody of Khadira on a school night.

When the Defendants arrived at Plaintiffs' home, they knocked on Plaintiffs' door in a loud and aggressive manner.  Mr. Hunter's eldest son, Darus Hunter Jr., who has severe autism, was 16 years old at the time of the incident, and is largely non-verbal, answered the door.  Defendants entered Plaintiffs' home without consent from either Plaintiff and shined their flashlights into the faces of Mr. Hunter's sleeping daughters, Khadira and Syriana (7 and 5 years old, respectively).  Mr. Hunter escorted the Defendants out of the house and explained that he was not in violation of the custody order because Khadira did not have school the next day because of Rosh Hashanah.  Ms. Shujaa showed the officers the custody order reflecting the arrangement and Defendants left.

Shortly thereafter, Mr. Hunter called 911 and the Philadelphia Police Department to complain about Defendants' conduct.  At 12:48 AM a call for a "supervisor only" at Plaintiffs' residence came over the police radio.  Neither Defendant was a supervisor and neither acknowledged the call over the radio, yet the Defendants returned to Plaintiffs' home and banged on the door a second time without waiting for their supervisor to arrive.

Alarmed by Defendants' return to the residence, Ms. Shujaa, who was four and a half months pregnant at the time, called 911 for help.  After she hung up, Ms. Shujaa went to open the door.  As she turned the knob, Officer Schutte forced the door open causing the door's edge to hit Ms. Shujaa in the abdomen.  The door's impact caused Ms. Shujaa to stumble backwards into the radiator.  Officer Schutte told Plaintiffs that he knew they had attempted to file a complaint against Defendant Officers and repeatedly threatened Mr. Hunter not to get himself "locked up." Defendant Officers eventually left after Mr. Hunter told them he just wanted to be left alone.

Soon after being struck by the door, Ms. Shujaa felt a tightness in her abdomen.  The following day, Monday, September 14, Ms. Shujaa noticed a clear discharge in her underwear.  The discharge continued through Tuesday, September 15.  On Wednesday, September 16, the discharge became heavier and eventually turned bloody.  Ms. Shujaa then began to feel sharp pains and cramping in her

abdomen.  She called an ambulance and was taken to Mercy Hospital and then transferred to HUP where she suffered a miscarriage.

Ms. Shujaa retained Dr. Arnold W. Cohen to serve as an expert in this case. Dr. Cohen is currently Chairman Emeritus of the Department of Ob/Gyn at Einstein Healthcare Network and Professor at Sidney Kimmel Medical College.  His expert report states, in relevant part:

> The temporal relationship between the onset of pain, discharge and then contractions with bleeding after the trauma of the door hitting Ms. Shujaa in the abdomen and then her hitting her back on the radiator (contra-coup injury) as well as the finding of a placental clot after delivery makes the likely cause of this pregnancy loss to be an abruption due to abdominal trauma. . . . [I]t is my opinion within a reasonable degree of medical probability . . . that the trauma Ms. Shujaa suffered after the door was opened by the police and hit her abdomen increased the risk of and contributed to this pregnancy loss.

Ms. Shujaa has attended psychotherapy directly related to the incident described above.

## III.   Pre-Trial Agreements

Plaintiffs and Defendants, by and through their respective counsel, have reached the following agreements in preparation for trial.  For the avoidance of doubt, the Parties are not suggesting that the agreements below be read to the jury.

1.     All documents produced by Plaintiffs are authentic and authored by whom the document purports to be authored.

2.      All documents produced by Defendants are authentic and authored by whom the document purports to be authored.

3.      All policies and procedures produced by Defendants became effective on the date indicated on the document, and were in effect on September 13 to September 14, 2015.

4.      All audio recordings and transcripts of 911 calls and radio communications produced by Defendants are authentic, reflect the accurate time, and have been accurately reproduced.

5.      Defendants Schutte and Navedo were police officers at the Philadelphia Police Department, assigned to the 12th District, on September 13 to September 14, 2015.

6.      Defendants Schutte and Navedo were on duty on September 13 to September 14, 2015.

7.      Defendants Schutte and Navedo were acting under color of state law at all times on September 13 to September 14, 2015.

8.      For purposes of 42 U.S.C. § 1983, Defendants Schutte and Navedo are state actors.

## IV.   Damages

As a result of Defendants' actions, Plaintiff Shujaa seeks the following damages:

(1) *Medical expenses from physical injuries*.  As a result of Defendants'
conduct, Ms. Shujaa seeks a total of $1803 in damages for medical expenses derived
from her physical injuries.  *See* Ex. 27, KS000035, (Mercy Hospital bill).

(2) *Medical expenses from psychological and emotional injuries*.  As a result
of Defendants' conduct, Ms. Shujaa seeks a total of $520 in damages for
psychological and emotional injury.  *See* Ex. 32, KS000221 (Therapy Receipt 1);
Ex. 33, KS000222 (Therapy Receipt 2); Ex. 37, KS000266 (Therapy Attendance
Record (5/30, 6/6, 6/13, 6/20)).

(3) *Lost wages*.  As a result of Defendants' conduct, Ms. Shujaa seeks a total
of $230 in lost wages.  Ms. Shujaa was unable to work from September 17, 2015 to
September 21, 2015.  Her hourly wage at that time was $11.50/hour.

(4) *Pain and suffering*.  As a result of Defendants' conduct, Ms. Shujaa seeks
damages for pain and suffering in an amount to be determined at trial.

(5) *Punitive damages*.  Ms. Shujaa seeks punitive damages for Defendants'
outrageous conduct in an amount to be determined at trial.

(6)  Reasonable attorneys' fees and costs.

(7) Such other and further relief as this Court deems just.

## V.    Liability and Damages Witnesses to Be Called in Plaintiffs' Case-in-Chief

Plaintiff Shujaa may call the following witnesses to support Plaintiffs' case-
in-chief:

### 1.  Ms. Kenya Shujaa

1242 S. 51st Street
Philadelphia, PA 19143

Plaintiff Shujaa will testify regarding liability to the events of September 13

to September 14, 2015 and on damages suffered as a result of Defendants'

intentional trespass and unreasonable search.

### 2.  Mr. Darus Hunter

1242 S. 51st Street
Philadelphia, PA 19143

Plaintiff Shujaa may call Mr. Hunter as a liability witness to provide testimony

regarding the events of September 13 to September 14, 2015.

### 3.  Mr. Robert Schutte (adverse witness)

Philadelphia Police Department
6448 Woodland Ave
Philadelphia, PA 19142

Defendant Schutte will testify about what happened on September 13 to

September 14, 2015.

### 4.  Mr. Michael Navedo (adverse witness)

Philadelphia Police Department
6448 Woodland Ave
Philadelphia, PA 19142

Defendant Navedo will testify about what happened on September 13 to

September 14, 2015.

### 5. Lieutenant Andrew DiSanto (adverse witness)

Philadelphia Police Department
6448 Woodland Ave
Philadelphia, PA 19142

Lieutenant DiSanto will testify about what happened on September 13 to September 14, 2015.

## VI.    Expert Witnesses

### 1. Dr. Arnold W. Cohen

1925 West Point Dr.
Cherry Hill, NJ 08003

Dr. Cohen—Chairman Emeritus of the Department of Ob/Gyn at Einstein Healthcare Network and Professor at Sidney Kimmel Medical College—will testify about the causal relationship between Defendants' actions and Plaintiff Shujaa's miscarriage. His curriculum vitae is attached hereto as Exhibit A.

## VII.    Important Legal Issues On which The Court Will be Required to Rule

(1)   The Court ruled in its January 22, 2020 Order (ECF No. 115), that evidence of Ms. Shujaa's marijuana use will not be excluded if Plaintiffs present evidence that Defendants caused her miscarriage. The Court concluded that "Defendants have a *valid basis to cross-examine Plaintiffs' expert witness* regarding the potential effects that Plaintiff Shujaa's regular marijuana use (and lack of prenatal medical care) may have had on the risk of miscarriage." Defendants' medical expert, Dr. Holden, however, did not mention Ms. Shujaa's marijuana use

in his expert report, much less opine that it was somehow related to her miscarriage.

Thus, Dr. Holden should be barred from offering a new opinion at trial related to or

describing Ms. Shujaa's marijuana use in any way.  *United Healthcare Services, Inc.*

*v. Cephalon, Inc.*, No. 17-555, 2019 WL 2994660 at *13 (E.D. PA July 8, 2019) ("it

is axiomatic that an expert may not present new opinions on topics not timely

included or otherwise disclosed in the expert's report" (quoting *Krys v. Aaron*, 112

F. Supp. 3d 181, 207 (D.N.J. 2015))).

(2)  Defendants' expert, Dr. Holden, offers the opinion in his expert report

that the contact from the door did not cause Ms. Shujaa to have a

miscarriage.  However, he also opines that very few children diagnosed with trisomy

18 "survive to the first year of life and the end results of the pregnancy was not

changed by the events on the night of September 13th and 14th."  Ms. Shujaa is not

seeking damages for loss of consortium or the wrongful death of her unborn

child.  Therefore, how long Ms. Shujaa's unborn child might have lived absent

Defendant Schutte's conduct is irrelevant to the issues in this case and Dr. Holden

should not be permitted to testify about what might have happened later on in Ms.

Shujaa's pregnancy or after her child's birth.  Any such testimony would be

irrelevant and unfairly prejudicial under Federal Rules of Evidence 401 and 403 and should be excluded.

(3) Defendants propose jury instructions relating to the Political Subdivision Tort Claims Act ("PSTCA"). However, the PSTCA does not apply in this case. The PSTCA does not apply where the Defendants' conduct constitutes "willful misconduct." 42 Pa. Cons. Stat. § 8550. Under Pennsylvania law "willful misconduct 'has the same meaning as the term "intentional tort"' for purposes of the PSTCA." Summ. J. Order (ECF No. 97) at 28 (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001). In order to establish their trespass claim, Plaintiffs need to "prove that Defendant Officers ***intentionally*** entered Plaintiffs' residence without the legal right to do so." Restatement (Second) of Torts § 158 (1965) (emphasis added). If the jury finds that Plaintiffs did not prove, by the preponderance of the evidence, the intent element of the trespass claim, then the trespass claim fails and the PSTCA instructions become moot. On the other hand, if the jury finds that Plaintiffs proved, by the preponderance of the evidence, the intent element of the trespass claim, then the PSTCA does not apply because the Officers' actions constitute "willful misconduct." No matter what the result, the

PSTCA instructions will not apply in this case and should not be read to the jury because of the risk of jury confusion.

### Designations of Deposition Testimony to Be Offered at Trial

Plaintiff Shujaa does not currently intend to use deposition testimony of any witness in lieu of live testimony at trial.  Plaintiff reserves her right to use deposition testimony if a witness becomes unavailable prior to trial and the use of testimony is permitted under the Federal Rules of Evidence.  Plaintiff may use deposition testimony as impeachment evidence.

## VIII.    Exhibits

Plaintiff Shujaa's list of exhibits is set forth below.  Plaintiff reserves the right to use as an exhibit at trial any exhibit identified by Defendants in their Pretrial Memorandum, as well as any other documents in rebuttal.  By listing these exhibits, Ms. Shujaa does not waive any objections as to the admissibility of any exhibit.  Ms. Shujaa reserves the right to rely upon any demonstrative exhibits and/or enlargements or reproductions of any of the below-listed exhibits.

| Exhibit | Description | Bates |
|---------|-------------|-------|
| PTX-01 | Transcripts of 911 Dispatcher and Radio Transmissions | D073-D077 |
| PTX-02 | Radio Assisted Dispatch Query | D068-D072 |
| PTX-03 | Complaint or Incident Report (75-48) | D065 |
| PTX-04 | Citizen's Complaint Report (Darus Hunter) | D015-D019 |
| PTX-05 | Interview of Darus Hunter | D026-D039 |
| PTX-06 | Interview of Kenya Shujaa | D040-D045 |
| PTX-07 | Interview of Lieutenant Andrew Disanto | D046-D048 |

| Exhibit | Description | Bates |
|---|---|---|
| PTX-08 | Interview of Sergeant Michael Melvin | D049-D052 |
| PTX-09 | Interview of Officer Robert Schutte (10/19/15) | D053-D056 |
| PTX-10 | Interview of Officer Robert Schutte (11/5/15) | D057-D059 |
| PTX-11 | Interview of Officer Michael Navedo (11/05/15) | D060-D063 |
| PTX-12 | Incident History Details | D066 |
| *PTX-13[1] | Phila. Police Dept. Directive 12.18 - "Complaints Against The Philadelphia Police Dept." | D282-D290 |
| *PTX-14 | Executive Order No. 7-11 "Processing of Complaints Alleging Police Misconduct" | D291-D303 |
| *PTX-15 | Phila. Police Dept. Memo re "Custody Disputes Involving Minor Children" | D304-D306 |
| PTX-16 | 911 Records | D387-D388 |
| PTX-17 | Custody Order | HUNTER000048-000049 |
| PTX-18 | Photo of Darus Hunter and Kenya Shujaa's house | HUNTER000050 |
| **PTX-23[2] | Consortium Email re Missed Work | KS000014-KS000019 |
| **PTX-24 | Therapy Records for Kenya Shujaa (Wang) | KS000020-KS000024 |
| **PTX-25 | Woodland Primary Care Records | KS000025-KS000027 |
| **PTX-26 | Prescription for Kenya Shujaa from Dr. Chang Gyu Hahn (Psychiatrist) | KS000028 |
| **PTX-27 | Mercy Bill | KS000035 |
| **PTX-29 | Penn Medical Records | KS000076-202 |
| **PTX-30 | Consortium Missed Work Email Updated 1 (9/2016) | KS000219 |
| **PTX-31 | Consortium Missed Work Email Updated 2 (9/2016) | KS000220 |

---

[1] * Subject to Paragraph 3 of Judge Rice's January 22, 2020 Order (ECF No. 115).

[2] ** Subject to Paragraph 1 of Judge Rice's January 22, 2020 Order (ECF No. 115).

| Exhibit | Description | Bates |
|---|---|---|
| | | |
| **PTX-32 | Therapy Receipt 1 | KS000221 |
| **PTX-33 | Therapy Receipt 2 | KS000222 |
| **PTX-34 | Helen Dickens' Center – OBGYN records | KS000224-229 |
| **PTX-35 | Hall Mercer Records | KS000230-250 |
| **PTX-36 | Mercy Hospital Records | KS000251-265 |
| **PTX-37 | Therapy Attendance Record (5/30, 6/6, 6/13, 6/20) | KS000266 |
| **PTX-38 | Therapy Attendance Record (8/27, 9/27) | KS000267 |
| **PTX-39 | Therapy Attendance Record (8/27, 9/27, 10/4, 10/11, 10/25, 11/1, 11/12) | KS000268 |
| PTX-40 | Audio Recording of Dispatch (Track 1) | None |
| PTX-41 | Audio Recording of Police Radio Call (Track 2) | None |
| PTX-42 | Audio Recording of 911 Call (Track 3) | None |
| PTX-43 | Audio Recording of Supervisor-Only Police Radio Call (Track 4) | None |
| PTX-44 | Audio Recording of 911 Call (Track 5) | None |
| PTX-45 | Audio Recording of 911 Call (Track 6) | None |
| PTX-46 | Audio Recording of Police Radio Call (Track 7) | None |
| PTX-47 | Audio Recording of Police Radio Call (Track 8) | None |
| PTX-48 | Dr. Cohen CV | None |
| PTX-49 | Defendants' First Amended Answers and Objections to Plaintiffs' Requests for Production of Documents and Interrogatories (June 27, 2018) | None |
| PTX-50 | Defendants' Second Set of Answers and Objections to Plaintiffs' Requests for Production of Documents and Interrogatories (Aug. 10, 2018) | None |
| *** | ***Any Exhibit Listed on Defendants' Exhibit List | |

## IX.    Estimated Trial Time

Plaintiff Shujaa estimates that the total time for trial will be 3 days.


Dated:  February 10, 2020          Respectfully submitted,

                                   */s/ John P. McClam*
                                   Stephen D. Brown (PA Bar No. 27829)
                                   John P. McClam (PA Bar No. 321252)
                                   Monica I. Gorny (PA Bar No. 324535)
                                   Dechert LLP
                                   Cira Centre
                                   2929 Arch Street
                                   Philadelphia, PA 19104
                                   (215) 994-2046

                                   *Attorneys for Plaintiff Kenya Shujaa*

## CERTIFICATE OF SERVICE

I, Monica Gorny, hereby certify that on this date, I caused a true and correct copy of the foregoing Pretrial Memorandum to be served on all counsel of record via CM/ECF.

Date:  February 10, 2020

/s/ *Monica I. Gorny*
Monica I. Gorny
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: 215-994-2046
john.mcclam@dechert.com

*Attorney for Plaintiff Kenya Shujaa*